# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 3, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DARRELL L. NEIL,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0347** (BOR Appeal No. 2048912)
            (Claim No. 2012030994)

**DARRELL NEIL,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Darrell L. Neil, by Anne L. Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Darrell Neil, d/b/a Darrell Neil Contracting, by Timothy E. Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 27, 2014, in which the Board affirmed an October 10, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 23, 2012, decision which rejected Mr. Neil's request for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Neil, a contractor, alleges that he injured his hand, wrist, shoulder, neck, and head in the course of his employment on October 3, 2011, when a slate bar came out of his hand and struck his hardhat. Mr. Neil did not report the alleged injury and did not seek medical treatment until five months after it occurred. On March 12, 2012, he was treated by Clifford Hill, D.C., for headaches and knee, hand, and neck pain. He stated that he believed his neck, left hand, and knee problems came about insidiously. He reported that he had hand problems for two years. He did not report a work-related injury until March 30, 2012. At that time, he told Dr. Hill that he was

1

hit in the head with a slate bar. A cervical MRI revealed foraminal stenosis of the left side due to spondylosis and a herniated disc at C5-6 on the left. Mr. Neil was previously treated by Dr. Hill on November 8, 2007, for cervical and right shoulder pain, headaches, and right hand problems.

Mr. Neil asserted in a May 21, 2012, statement that while changing an attachment on a large excavator, a slate bar he was using was ripped from his hand. The bar hit his hardhat causing it to break and fly off of his head. He immediately felt pain in his hands, right shoulder, head, and neck. He was working at Mt. Laurel Complex Plant at that time. After the incident occurred, he alleges that he recorded the injury in his personal papers. He stated that he did not immediately seek treatment because he hoped the injury would heal on its own, he was looking for a new job, and he did not want to be penalized for filing a claim. He was offered a job by another employer in January of 2012 but turned it down because he did not feel like he could perform the work due to his pain. He was then laid off from Mt. Laurel Complex Plant in the first week of March of 2012. After that, he sought treatment from Dr. Hill. Mr. Neil then testified in a deposition on September 6, 2012. He stated that he had no neck problems prior to October 3, 2011. However, he did admit to having a work-related neck injury in 1988 for which he received a permanent partial disability award. He stated that he knew the date of injury in the instant case was October 3, 2011, because he told his wife the following day that he needed a new hardhat and she wrote it down. He also stated that his workers' compensation coverage expired on October 6, 2011.

Brad Stapleton, Mr. Neil's coworker, gave two statements regarding the alleged work-related injury. In May of 2012, he stated that he was present when the injury occurred and that it happened approximately four or five months prior. He then stated that it occurred in the later part of October of 2011. He noted that Mr. Neil had problems with his arms, wrists, shoulders, and hands before the alleged injury occurred. In September of 2012, Mr. Stapleton stated that he worked with Mr. Neil between October 1, 2011, and October 5, 2011, and that the injury occurred during that time.

Mr. Neil was treated by Panos Ignatiadis, M.D., on August 8, 2012. Dr. Ignatiadis found that the cervical MRI findings revealed a herniated C5-6 disc and stated that the alleged work-related injury would be a competent cause of the symptoms. In a July 29, 2013, deposition, Dr. Hill agreed that a blow to the head could cause a herniated disc. However, he stated that when Mr. Neil first sought treatment on March 12, 2012, he did not report an injury. Instead, he reported that his problems arose insidiously.

The claims administrator rejected the claim on July 23, 2012. The Office of Judges affirmed the decision in its October 10, 2013, Order. It found that there were multiple inconsistencies concerning the facts of the case. Mr. Neil did not seek treatment until five months after the alleged injury. The Office of Judges found that the witness to the alleged injury, Brad Stapleton, initially stated on May 31, 2012, that the injury occurred four or five months prior. He then stated that he believed the injury occurred in late October of 2011. In his September 12, 2012, statement he asserted that the injury occurred between October 1, 2011, and October 5, 2011. Mr. Neil testified in his deposition that the injury occurred on October 3, 2011. Though Mr. Neil asserted that he reported the injury to his supervisor, the Office of Judges found

no evidence in the record to support his claim. The Office of Judges also found that he filed a previous workers' compensation claim. It therefore determined that his reasoning for not filing in this instance, that employers frown on filing claims, had no merit. It was noted that Mr. Neil's workers' compensation insurance expired on October 6, 2011.

The Office of Judges found that Mr. Neil stated in his deposition that he had not had any prior injuries after a 1988 neck injury. However, Dr. Hill's treatment notes indicate he was treated for a work-related injury in 2007 for cervical, right shoulder, and right hand pain as well as headaches. The compensable condition in that claim was neck strain. The Office of Judges also found that Brad Stapleton noted in his statement that Mr. Neil had problems with his arms, wrists, shoulders, and hands prior to October 3, 2011. The Office of Judges found that when Mr. Neil sought treatment for the alleged injury in March of 2012, he stated that he had no idea what caused his symptoms. On his next visit, he informed Dr. Hill that he had suffered a work-related injury. Mr. Neil stated that Dr. Hill asked him about injuries on that visit, whereas Dr. Hill testified that Mr. Neil volunteered the information with no prompting. The Office of Judges ultimately concluded that Mr. Neil failed to sustain his burden of proof to show that he was injured in the course of and resulting from his employment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 27, 2014.

On appeal, Mr. Neil argues that the claim should be held compensable because a coworker witnessed the incident. He further argues that Dr. Hill stated that, if his description of the injury was true, it could be a possible cause of his herniated disc. Darrell Neil Contracting asserts that Mr. Neil has failed to show that he sustained a work-related injury. He did not seek medical treatment until five months after the injury allegedly occurred. It further notes that Mr. Neil testified in a deposition that he had no other work-related neck injuries, but records show that he suffered a work-related neck injury in 2007 for which he received a permanent partial disability award.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. There is no medical evidence that Mr. Neil was injured in the course of his employment on October 3, 2011. He did not seek medical treatment until five months later. Though Brad Stapleton witnessed the alleged injury, his account of when the injury occurred varied. He first stated it was in January or February of 2012, then stated it was at the end of October of 2011, and then gave a specific date range in October of 2011. Mr. Neil's workers' compensation insurance ran out three days after he alleges the injury occurred, and there is no reliable evidence in the record of the exact date of the alleged injury. He stated that he recorded the incident in his personal papers and that his wife wrote down that he needed a new hardhat due to the injury; however, those papers were not submitted into the evidentiary record. Also, Mr. Neil reported the work-related injury only after he was laid off from his job. He therefore failed to show by a preponderance of the evidence that he was injured in the course of his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

3

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 3, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4